"This pro se action for proposed lost retirement income and damages resulting from plaintiffs mandatory discharge from the United States Air Force Reserves prior to reaching the 18 years 'retirement sanctuary’ is before the court on defendant’s unopposed motion for summary judgment. Because plaintiff fails to state a claim upon which this court can grant relief, we hold for defendant.
"Martin (plaintiff) entered the Air Force Reserves March 17, 1957, but because of certain civilian experience, he received, at his own request, 'constructive time’ under then-existing regulations so that his affiliation date for 'total years of service’ purposes was June 15, 1951, and his promotion service date was June 15, 1954. The effect of this 'constructive time’ was to increase plaintiffs longevity, which resulted in greater pay and an accelerated promotion schedule. This accelerated promotion schedule, in turn, resulted in plaintiffs being considered — and passed over — twice for promotion to the rank of Lieutenant Colonel prior to his reaching the 'retirement sanctuary’ of 18 years of service. Twice failing to be selected for promotion, plaintiff resigned his commission (rather than face mandatory discharge or retirement without pay) and thus did not become entitled to certain retirement benefits to which he would have otherwise been entitled upon completing twenty years of service and reaching 60 years of age.
"Plaintiff now contends that under regulations currently in force, he would not have received his 'constructive time’ and would have been within the 'retirement sanctuary’ prior to being twice passed over.
"He further asserts that his non-selection resulted, at least partially, from the Air Force’s use of abbreviated evaluation forms, on which substantial or lengthy comments were allegedly discouraged, to record his performance during the years prior to his eligibility for selection, *1021 and that the consequent failure to evaluate fully his performance breached his contract of employment by which the Air Force 'agreed to recognize [his] efforts through promotion and compensation based on uniformly applied standards . . . .’
"He finally argues that his mandatory 'honorable discharge’ forced him to join the Air National Guard at a 'considerably reduced status’ in order to meet minimum time requirements for retirement, has caused him to suffer 'great mental anguish, pain and suffering in the amount of $50,000.00,’ and will cause him to 'suffer the loss of approximately $10,000.00 in retirement pay over the period of his projected life expectancy of approximately 15 years.’
"Defendant responds that plaintiffs only real complaint is that he was not selected for promotion to Lieutenant Colonel. The Government reasons that the Air Force at all times acted within the controlling regulations; that plaintiff does not allege any breach of regulation; that plaintiffs claim for anguish, pain and suffering is a claim sounding in tort not cognizable by this court; and that, in any event, this court has repeatedly held that it is 'not in the military promotion business’ (citing Brenner v. United States, 202 Ct.Cl. 678 (1973), cert. denied 419 U.S. 831 (1974). We agree with the Government.
"Plaintiffs first difficulty is that his somewhat confused allegations in no way demonstrate that any regulation was violated or that any rule of the Air Force was improper. His claim is based on the alleged unfairness of the regulations, which he admits the Air Force followed, as they applied to him. We note that he did not object when, they were applied to accord him higher pay and advanced promotions. We also note that he makes no allegation that all other Air Force members similarly situated did not receive exactly the same treatment under the same regulations. In short, he makes not even an allegation that the Air Force acted in an arbitrary or capricious manner or that its actions violated statutes or regulations. Plaintiff alleges nothing which provides a basis for this court to change its longstanding principle that we 'are not in the *1022 military "promotion business.” ’ See, e.g., Brenner, supra at 693.
"Plaintiffs purported contractual claim suffers similar shortcomings. He shows nothing which indicates any impropriety or unfairness in the use of the abbreviated forms; he cites neither statute nor case law to support his vague contractual assertions; and he has made no allegation or showing that the Air Force standards of performance and evaluation were applied any differently to him than they would have been to any other officer in his position. Indeed, plaintiffs allegations make it clear that the Air Force meticulously followed its own regulations. Again, plaintiffs only real complaint appears to be that the operation of these regulations resulted in his non-selection for promotion.
"Plaintiffs alleged right to $50,000 compensation for 'mental anguish, pain and suffering’ sounds in tort (even though plaintiff has alleged no tortious action by the Air Force) and is, therefore, not within our jurisdiction, see, e.g., Algonac Mfg. Co. v. United States, 192 Ct.Cl. 639, 663, 428 F.2d 1241, 1249 (1970).
"Plaintiffs alleged money damages of $10,000 for lost retirement pay are highly speculative and would become due only if he were entitled to promotion and if he reached age 60. Under no circumstances can money be due at the present time; therefore, this portion of plaintiffs claim is also without remedy in this court. United States v. Testan, 424 U.S. 392 (1976).
"It is evident, in summary, that even interpreting the pleadings and exhibits in the light most favorable to plaintiff, as we must, the plaintiff has not demonstrated any actions by the Air Force which would entitle him to a current money judgment against the Government, and that plaintiff has, therefore, failed to state a claim upon which relief can be granted.
"it is hereby ordered, upon consideration of the pleadings and exhibits, without oral argument, that defendant’s unopposed motion for summary judgment is granted and plaintiffs petition is dismissed.”
*1023 Plaintiffs motion for rehearing was denied March 3, 1978.